■ In the Matter of MICHAEL A. GOLDSTEIN et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [974 NYS2d 626]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioners' request for a refund of personal income tax imposed under Tax Law article 22.

Petitioners are beneficiaries of trusts, and the primary issues asserted by petitioners were previously before us in a related case involving those trusts arising from the same underlying facts (*Matter of Michael A. Goldstein No. 1 Trust v Tax Appeals Trib. of the State of N.Y.*, 101 AD3d 1496 [2012], *lv denied* 21 NY3d 860 [2013]). Briefly stated, adjustments in petitioners' federal taxable income resulted in petitioners filing amended returns with the Department of Taxation and Finance for various years including 1994. They were owed a refund for 1994 and sought interest from the date their original 1994 return had been filed. Respondent Tax Appeals Tribunal determined that, since the year in question predated a change in the Tax Law that became effective January 1, 1999, Tax Law former § 688 controlled and, under such statute, interest on the refund ran from the date the amended return was filed. This proceeding ensued.

We confirm for the reasons set forth in *Matter of Michael A. Goldstein No. 1 Trust v Tax Appeals Trib. of the State of N.Y.* (*supra*). There is no merit in petitioners' assertion that, because their amendments followed from federal changes in their taxes, under such circumstance, Tax Law former § 688 does not control. No statute, case law, or logical explanation supporting such a distinction has been provided. Petitioners' constitutional arguments were asserted and found without merit in the earlier case (101 AD3d at 1499). Statutes have a presumption of constitutionality and petitioners failed to meet their burden of establishing that the statute was unconstitutional (*see generally*

*Trump v Chu*, 65 NY2d 20, 25 [1985], *appeal dismissed* 474 US 915 [1985]).

Petitioners further contend that the Tribunal erred in upholding the denial of interest to be paid on their 2004 amended tax return as regards the credit for the special additional mortgage tax (*see* Tax Law § 606 [f]). Although the unused part of the credit may be treated at the taxpayer's election as an overpayment to be refunded in accordance with Tax Law § 686, the pertinent statute specially provides, "except that no interest shall be paid on such overpayment" (Tax Law § 606 [f] [3] [B]). Petitioners' efforts to distinguish the clear and unambiguous applicability of this statutory language are unpersuasive.

The assertion that the Division of Taxation must supply petitioners with an accounting of the interest calculations was not properly preserved since the issue was not raised before the Tribunal or in the petition initiating this proceeding. In any event, the assertion lacks merit.

The remaining arguments have been considered and found unavailing.

Peters, P.J., Rose and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.